MEMORANDUM *
The district court concluded that the government did not breach the plea agreement. We need not decide whether that determination is reviewed de novo or for clear error because, under either standard of review, the determination is erroneous.
The conviction documents that the government received after signing the plea agreement confirmed that Rodriguez-Garcia had been convicted of violating California Penal Code section 245(b). But that information was already disclosed on Rodriguez-Garcia’s rap sheet, which stated that Rodriguez-Garcia had suffered a parole violation with respect to the 245(b) count and had been ordered “to finish term” on that count. Both entries, which were on the same page, contained the identifying label “CNT:01 # D50749,” and no other entries contained a similar identifier. A defendant cannot be ordered to finish a term of incarceration after violating parole unless he was first convicted of the underlying crime. This entry on Rodriguez-Garcia’s rap sheet therefore gave the government actual notice of Rodriguez-Garcia’s 245(b) conviction.
That the government’s lawyer failed to appreciate subjectively the significance of the information disclosed on Rodriguez-Garcia’s rap sheet is irrelevant. Nothing in footnote one of the plea agreement says that application of the footnote turns on the government’s subjective lack of awareness of the significance of information already within its possession. At the very least, the footnote is ambiguous on that score, and Rodriguez-Garcia reasonably interpreted the footnote to prevent the government from altering its sentencing recommendation based on a conviction already disclosed on his rap sheet. See United States v. De la Fuente, 8 F.3d 1333, 1337 & n. 7 (9th Cir.1993) (plea agreement must be construed in accordance with the defendant’s objectively reasonable understanding of its terms when he pleaded guilty).
Because the government breached its obligations under the plea agreement, we must vacate Rodriguez-Garcia’s sentence and remand the case to a different district judge for resentencing. United States v. Alcala-Sanchez, 666 F.3d 571, 577 & n. 2 (9th Cir.2012). In doing so, we intend no criticism of the district court; we remand to a different judge only because our case law demands this remedy. Id.
Rodriguez-Garcia’s sentence is VACATED and the case REMANDED for resentencing before a different judge.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.